UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19CR607 CDP/SPM |
| ) | |
| KENTON BURTON, JR., ) | |
| ) | |
| Defendant. ) | |

**REPORT, RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the undersigned United States Magistrate Judge for all pretrial matters pursuant to 28 U.S.C. §636(b). Defendant Kenton Burton is charged in an indictment with bank robbery (Count 1) in violation of 18 U.S.C. §2113 and possession of a firearm in furtherance of a crime of violence (Count 2) in violation of 18 U.S.C. §924(c). *See* Doc. 8 (Redacted Indictment).

### FACTUAL AND PROCEDURAL BACKGROUND

Burton was initially charged in a Complaint issued on April 12, 2019, by the Honorable Patricia L. Cohen. On August 1, 2019, a federal grand jury returned an indictment charging Burton with the aforementioned crimes. Burton was arrested on August 8, 2019, and appeared for an initial appearance on the same date. On August 12, 2019, Burton was arraigned and, through counsel, requested additional time to file pretrial motions. The undersigned found that, in the interest of justice, the request should be granted and extended the deadline for filing motions to September 12, 2019. Upon further motions by the defense, the undersigned granted additional extensions, in the interest of justice, until October 12, 2019. On October 11, 2019, and in compliance with this Court's Order Concerning Pretrial Motions, Burton filed a motion to dismiss the indictment (Doc. 26), and a motion for early disclosure of Rule 404(b)

evidence (Doc. 27). The United States opposed the motion to dismiss the indictment in a written response filed on October 17, 2019. (Doc. 31). The United States made no written response to the motion for disclosure of Rule 404(b) evidence.

The undersigned scheduled a pretrial motion hearing on November 8, 2019. However, Burton sought, and was granted, a continuation of the hearing to November 15, 2019. On November 15, 2019, the undersigned held a pretrial motion hearing. Burton was present with counsel. Defense counsel clarified that the motion to dismiss pertained to both counts of the indictment and, after very brief oral arguments, the parties indicated they were resting on their written submissions.

Regarding the motion for early disclosure of Rule 404(b) evidence, the Assistant United States Attorney stated that the United States intended to disclose Rule 404(b) and 609 evidence to the defense in accordance with the rules and the procedures typically followed by the United States Attorneys' office in this district. Defense counsel indicated that he would not press the issue provided the United States followed the procedure typically followed in this district. As such, the United States' agreement on the record to disclose Rule 404(b) and 609 evidence to defense counsel in a manner consistent with the practices and procedures in this district and with the Federal Rules of Evidence mooted defendant's motion. Therefore, based on the record made in open court at the time of the pretrial motion hearing, the undersigned will deny the motion for disclosure of Rule 404(b) and 609 evidence as moot.

At the hearing, the parties acknowledged that there were no further pretrial matters they intended to raise. As such, all pretrial motions are now ready for a ruling and the undersigned makes the following factual findings and conclusions of law.

### A.  MOTION TO DISMISS THE INDICTMENT (DOC. 26)

Burton contends the indictment should be dismissed because it fails to satisfy the requirements of the Sixth Amendment and Fed. R. Crim. P. 7(c). To be legally sufficient on its face, an indictment must

contain all the essential elements of the offenses charged, and must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense, and invoke the double jeopardy clause in any future prosecutions based on the same conduct. Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir 1988), cert. denied, 488 U.S. 849 (1988); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011). The test "is not whether [the indictment] could not have been made more definite and certain." *United States v. Tebeau,* 713 F.3d 955, 962 (8th Cir. 2013). Instead, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense . . . ." *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2007); *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932 F.2d 1256, 1259, n.3 (8th Cir. 1991).

In this case, Count 1 charges Burton with bank robbery in violation of 18 U.S.C. § 2113(a), which has three essential elements: (1) defendant took property from a person or the presence of the person, while that property was in the care or custody of a bank; (2) such taking was by force or violence or by intimidation; and (3) the deposits of the bank were insured by the Federal Deposit Insurance Corporation. *See* 18 U.S.C. §2113(a) and (f); *see also United States v. Yockel,* 320 F.3d 818, 822-23 (2003) (discussing elements of a violation of §2113(a)); *United States v. Cobb,* 558 F.2d 486,

3

487 note 3 (8th Cir. 1977) (noting that proof that bank's deposits were insured by FDIC at time of robbery is an essential element of federal bank robbery); *United States v. Johnson,* 543 F.2d 55, (8th Cir. 1976) (discussing elements of a violation of §2113(a))).

Count 2 asserts that Burton violated 18 U.S.C. §924(c), which has two elements: (1) the use or carrying of a firearm; (2) during and in relation to a crime of violence or drug trafficking crime. *See United States v. Boman,* 873 F.3d 1035, 1041 (8th Cir. 2017).

Here, the facts asserted in the indictment together with the statutory terms assert all of the essential elements of the crimes charged and are more than sufficient to give Burton notice of the charges he is facing. Specifically, Count 1 asserts that on or about March 29, 2019, Burton--

> by force and violence, or by intimidation, takes [sic] from the person and presence of an employee of Busey Bank, United States currency, belonging to and in the care, custody, control, management and possession of the Busey Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation. In violation of Title 18, United States Code, Section 2113(a).

Count 2 asserts that on or about March 29, 2019, Burton:

> knowingly possessed and brandished a firearm, in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, attempt to obstruct, delay, or affect commerce by robbery as charged in Count One herein.

Indictment, Doc. 8.

On its face, the indictment meets the pleading requirements of Rule 7(c) and satisfies the Sixth Amendment. Count 1 notifies Burton that he is alleged to have committed federal bank robbery by using force and violence or intimidation to take currency from an employee of Busey Bank, a federally insured bank, on a specific date.  Count 2 similarly notifies Burton that he is alleged to have violated 18 U.S.C. §924(c) by possessing and brandishing a firearm in furtherance of the crime of federal bank robbery

charged in Count 1. Burton's arguments that the indictment was not based on sufficient, competent evidence raise issues that are not properly the subject of a motion to dismiss the indictment. *See United States v. Marra,* 481 F.2d 1196, 1199-1200 (6th Cir. 1973) (holding district judge's conclusion that trial was the appropriate place to resolve factual issues raised in motion to dismiss the indictment was "so clearly correct that we need not support them with our own dissertation"). "A motion to dismiss the indictment is not a device for a summary trial of the evidence. The sole function of this motion is to test the sufficiency of the indictment to charge an offense." *United States v. Luros,* 243 F. Supp. 160, 165 (N.D. Iowa 1965) (citing *United States v. Sampson,* 371 U.S. 75 (1962)); *see also United States v. Means,* No. 07-50003-01-KES, 2008 WL 216406 * 2 (D. S.D. Jan. 24, 2008) (citing *Luros* and collecting cases).

In sum, Counts 1and 2 of the indictment make clear the offenses charged and the underlying transactions which form the basis of each charge; the indictment also complies with the requirements of Rule 7(c) and the Constitution. Therefore, Burton's motion to dismiss the indictment should be denied.

For all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED,** that Defendant's Motion to Dismiss the Indictment (Doc. 26) be **DENIED**.

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

**IT IS HEREBY ORDERED** that Defendant's Motion for Early Disclosure of Rule 404(b) and 609 evidence (Doc. 27), be **DENIED, as moot**.

Trial in this case has been set before the **Honorable Catherine D. Perry on January 21, 2020,**

**at 8:30 a.m.**

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated November 26, 2019.